---

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEC -2 AM 10: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TINNY NELSON & JIMMY NELSON, | ] ] ] | |
| Plaintiff(s), | ] ] | CV-97-N-0982-S |
| vs. | ] ] | |
| CITY OF TARRANT, et al., | ] ] | |
| Defendant(s). | ] | |



ENTERED
DEC 2 1997

## Memorandum of Opinion

**I.   Introduction.**

The plaintiffs, Tinney Nelson and Jimmy Nelson (the "Nelsons"), bring this action pursuant to 42 U.S.C. § 1983 ("section 1983").[1]  Defendants are the City of Tarrant ("Tarrant"); Elvin Horton ("Horton"), an inspector for the City of Tarrant; and Judge George A. Parker, a municipal court judge for the City of Tarrant.  The complaint does not allege the capacities, individual and/or official, in which Judge Parker and Mr. Horton are sued. Construing the plaintiffs' complaint liberally,[2] the court will assume that Judge Parker and Mr. Horton are being sued in both their individual and official capacities.

---

[1] Though the plaintiffs' complaint does not specifically plead under section 1983, the claims asserted are based upon various and several alleged constitutional deprivations. *See Complaint,* at 1-3 (non-paginated).  Thus, giving the complaint the liberal reading required, *Haines v. Kerner,* 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (explaining the duty to construe *pro se* pleadings liberally), the court treats the plaintiffs' claims as falling under section 1983.

[2] *See supra* note 1.



The matter is currently before the court on the defendants' motion to dismiss, filed August 25, 1997. The motion has been briefed by both parties and is ripe for decision. Upon due consideration, the motion will be granted.

## II. Allegations of the Complaint.

The plaintiffs allege in their complaint that on November 27, 1996, they were summoned to municipal court by the City of Tarrant, "by and through their [sic] agent, Elvin Horton, under color of law . . . to force the Plaintiffs to dispose of their private property." *Complaint*, at 1 (non-paginated). The impetus behind Tarrant's summons was the plaintiffs' keeping an inoperable vehicle on their property in violation of a municipal ordinance. *Id.*

The plaintiffs aver that they "went to court and made a plea of NOT GUILTY and expected a trial to contest the unlawful acts of the City." *Id.* (emphasis in original). Instead, the Nelsons claim that Judge Parker took the plea and "immediately found the plaintiffs guilty without a trial and fined the plaintiffs $500.00 and sentenced them to 10 days in jail if they did not dispose of their property within 24 hours, again under color of law." This action, the Nelsons contend, denied them the right to trial. *Id.* The plaintiffs further assert that they "filed an appeal and the City of Tarrant refused and/or otherwise failed to forward the appeal of the plaintiffs." *Id.* at 1-2. The Nelsons claim that the defendants' failure to forward the appeal, "even after the plaintiffs posted good bond through a bonding agency," *Complaint* at 3, denied the plaintiffs their right to a "public and speedy trial, by an impartial jury" under Article VI of the United States Constitution and their right to due process under Article 1 of the Alabama Constitution. *Id.* Finally, the Nelsons generally

2

aver that the defendants' actions violated their constitutional rights under the first, fifth, sixth, seventh, ninth and fourteenth amendments of the U.S. Constitution. *Complaint* at 2.

## III. Standard for Motion to Dismiss.

For purposes of ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take the allegations of the complaint as true and construe them in a manner most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint may be dismissed when the allegations demonstrate that the plaintiff does not have a claim. *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976); *Hepperle v. Johnston*, 544 F.2d 201 (5th Cir. 1976).

## IV. Discussion.

### A. *Heck v. Humphrey* and Section 1983 Claims.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the United States Supreme Court stated that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

3

512 U.S. at ____, 114 S. Ct. at 2372. Later in the opinion, the Court remarked that a "§ 1983 action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 114 S. Ct. at 2374; *see also Kelly v. Serna*, 87 F.3d 1235, 1238-39 (11th Cir. 1996) (holding that a section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated) (quoting *Heck*, 114 S. Ct. at 2374).

Because the plaintiffs' section 1983 claims necessarily challenge the validity of their conviction or sentence, *Heck*, 114 S. Ct. at 2372, the plaintiffs are required to show that the convictions have been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" to proceed in this forum. *Id.* at 2373. The plaintiffs have failed to do so. As a result, all of their section 1983 claims will be dismissed without prejudice[3] to the right of the plaintiffs to reassert any viable section 1983 claims they may have if they ever succeed in invalidating their conviction. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (construing *Heck* to require the dismissal of section 1983 suits without prejudice).

**B.     Immunity Issues.**

Because the plaintiffs' section 1983 claims are barred by *Heck*, it is appropriate for the court to consider the possible applicability of immunity doctrines to the individual defendants. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). As the Supreme Court

---

[3] The exceptions are the claims against Judge Parker, which will be dismissed with prejudice. *See infra* Part IV(B)(1)(b)(1).

4

has stated, "the essence of . . . immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Thus, the Court has described immunity as a threshold question, to be resolved as early in the proceedings as possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991) (stating that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit"). Because immunity is properly viewed as "immunity from suit rather than a mere defense to liability," *Mitchell*, 472 U.S. at 526, 105 S. Ct. at 2815, it is appropriate for a district court to resolve the question of immunity before dismissing the section 1983 claims under the *Heck* analysis. *Boyd*, 31 F.3d at 284. If a defendant is dismissed on immunity grounds, it becomes clear that the section 1983 plaintiff will never have a claim against that defendant based on the particular facts alleged, even if the plaintiff eventually satisfies the precondition to a valid section 1983 claim under *Heck*. This approach best serves the purposes underlying the immunity doctrines. *See Boyd*, 31 F.3d at 284.

### 1.     Individual capacity claims.

Section 1983 of Title 42 of the United States Code creates a mechanism for recovering monetary damages from and securing injunctive relief against governmental actors and entities whose actions under color of state or local law deprive a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal

5

statutes.[4] In their complaint, the Nelsons seek compensatory and punitive damages based on allegations of infringement of rights secured by the United States Constitution: Count One, denial of the right to own property, guaranteed by the First, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments; Count Two, denial of "free access to the courts"; Count Three, denial of due process; Count Four, denial of equal protection; Count Five, infringement of the right under the U.S. Constitution to a "speedy and public trial, by an impartial jury," violation of their due process rights under the Alabama Constitution. *Complaint* at 2-3.

### a. **Defendant Elvin Horton.**

#### (1) **Qualified Immunity.**

Defendant Horton claims that he is immune from the Nelsons' constitutional section 1983 individual capacity claims under the well-established doctrine of qualified immunity. *See Defendants' Memorandum Brief in Support of Motion to Dismiss* at 6. If the plaintiffs' complaint fails to "state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known'," then Mr. Horton is "immune from liability and even from trial." *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied sub nom*, *Deutcsh v. Oladeinde*, 507 U.S. 987, 113 S. Ct. 1586, 123 L. Ed. 2d 153 (1993). In this vein, the Supreme Court has held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

---

[4] The parties do not dispute that the defendants were acting under color of state law during the activities at issue in this case.

6

constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); *see also Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986).

The test for whether a governmental defendant is entitled to qualified immunity from liability in his or her individual capacity involves a two-step analysis. A government official first must demonstrate that "'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Rich*, 841 F.2d at 1563-64 (quoting *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983)). If the defendant satisfies this burden, the plaintiffs must then show either that the official lacked good faith or that the official's actions "'violated clearly established constitutional law'" or a federal statute. *Id.*

Under the second prong, the court must determine whether the applicable law was clearly established at the time of the challenged action. This is determined by reference to decisions of the Supreme Court of the United States and the Court of Appeals for the Eleventh Circuit. *D'Aguanno v. Gallagher*, 50 F.3d 877, 881 n. 6 (11th Cir.1995); *Courson v. McMillian*, 939 F.2d 1479, 1498 n. 32 (11th Cir. 1991). The relevant inquiry is "fact specific," *Rodgers v. Horsley*, 39 F.3d 308, 311 (11th Cir. 1994), and the plaintiff must point to a controlling case, decided before the events at issue, that establishes a constitutional violation on "materially similar" facts. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (11th Cir. 1994); *see also Cofield v. Randolph County Comm'n*, 90 F.3d 468, 470 (11th Cir. 1996).

As emphasized in *Lassiter*, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violated federal law in the circumstances." *Id.*; *see also Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987)(holding that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right"). The Eleventh Circuit has warned that plaintiffs must not be permitted "to discharge their burden by referring to general rules and to the violation of abstract 'rights.'" *Id.* at 1150. "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Id.* (quoting *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993), modified, 14 F.3d 583 (11th Cir.1994)).

In their complaint, the plaintiffs assert generally that the defendants, including Mr. Horton, violated their rights under the First, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments, including their rights to due process and equal protection. *Complaint* at 2-3. Elsewhere in the complaint, the plaintiffs note that Mr. Horton "sent to the plaintiffs a summons to court to force the plaintiffs to dispose of their private property." *Id.* at 1. The court finds it very difficult to discern how this or any of the other allegations in the complaint can be construed, even in the light most favorable to the *pro se* plaintiffs here, to state a claim upon which relief can be granted against Mr. Horton.

At the outset, it must be pointed out that the Eleventh Circuit has substantially tightened the pleading requirements in a section 1983 action, stating that in cases where qualified immunity is implicated, "some factual detail is necessary, especially if we are to

8

be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred." *Oladeinde*, 963 F.2d at 1485; *cf. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (stating it is "impossible to square the heightened pleading requirement with the liberal system of notice pleading set up by the Federal rules" and that in section 1983 claims, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later"). Under the Eleventh Circuit's heightened pleading standard, actions against governmental officials must be pleaded "with sufficient precision to put defendants on notice of the nature of the claim and enable them to prepare a response and, where appropriate, a summary judgment motion on qualified immunity grounds." *Malone v. Chambers County Bd. of Comm'rs*, 875 F. Supp. 773, 791 (M.D. Ala.1994) (quoting *Brown v. Frey*, 889 F.2d 159, 170 (8th Cir. 1989), *cert. denied*, 493 U.S. 1088, 110 S. Ct. 1156, 107 L. Ed. 2d 1059 (1990)).

The court finds that the Nelsons simply have not provided enough detail to allow Mr. Horton to prepare an adequate response to their section 1983 claims involving the First, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments, including claims pertaining to their rights to due process and equal protection. The only "factual detail," *Oladeinde*, 963 F.2d at 1485, arguably applicable to Mr. Horton is that he "sent to the plaintiffs a summons to court to force the plaintiffs to dispose of their private property." *Complaint* at 1. The plaintiffs do not explain what constitutional right was violated by Mr. Horton's service of this legal process nor does the complaint provide Mr. Horton with the slightest idea of pertinent defenses to their section 1983 claims against him. As a result, the court concludes

9

that the Nelsons' purported section 1983 claims are so vague as to prevent the possibility of a proper response. Without such a proper, defense response, qualified immunity cannot be granted. Although the court finds that qualified immunity cannot be applied to claims asserted against Mr. Horton in his individual capacity, the court will dismiss without prejudice all such claims asserted against Mr. Horton pursuant to the *Heck* analysis *supra*.

### b. Defendant George Parker.

#### (1) Absolute Immunity.

The defendants argue that Judge Parker is absolutely immune from suit because he was acting within his judicial capacity and within his jurisdiction when the events giving rise to the plaintiffs' causes of action took place. *See Defendants' Memorandum Brief in Support of Motion to Dismiss* at 5-6. The court agrees.

The courts have set forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under section 1983. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)). The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity. *Simmons*, 86 F.3d at 1084-85. If the judge was not dealing with the plaintiff in a judicial capacity, then there is no immunity. *Id.* at 1085. If the judge was dealing with the plaintiff in his judicial capacity, however, the second part of the test is whether the judge acted in the "'clear absence of all jurisdiction.'" *Simmons*, 86 F.3d at 1085 (quoting *Stump*, 435 U.S. at 357, 98 S. Ct. at 1105).

In this case, it is clear that Judge Parker was dealing with the plaintiffs in his judicial capacity. As the defendants point out in their brief, the incident at issue occurred while

10

Judge Parker was hearing a municipal court case. He found the plaintiffs guilty and ordered them to move the vehicle or they would be fined and sentenced. Moreover, it is undisputed that Judge Parker had jurisdiction over the matter before him. Accordingly, the defendants' motion to dismiss will be granted to the extent it seeks dismissal of all claims against Judge Parker in his individual capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-554, 87 S. Ct. 1213, 1217, 18 L. Ed. 2d 288 (1967) (holding that the doctrine of judicial immunity applies to protect municipal court judges in section 1983 actions). These section 1983 claims will be dismissed with prejudice. *See Boyd*, 31 F.3d at 285.

## V.     Conclusion.

Accordingly, the defendants' motion to dismiss will be granted in part and denied in part. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___1st___ of December, 1997.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

11